**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE SUNTRUST BANKS, INC.    :
ERISA LITIGATION    :
    :    CIVIL ACTION NO.
    :    1:08-CV-3384-RWS
    :
    :

## <u>ORDER</u>

This case comes before the Court on Defendants' Motion to Certify the

Court's October 25, 2010 Order for Interlocutory Review ("Defendants' Motion

to Certify") [107] and Plaintiffs' Motion to Certify the Court's October 25,

2010 Order for Interlocutory Appeal ("Plaintiffs' Motion to Certify") [111].

After considering the record, the Court enters the following Order.

### Background

Plaintiffs' Consolidated ERISA[1] Class Action Complaint ("Complaint")

[58] alleges that Defendants, fiduciaries of the SunTrust Banks, Inc. 401(k)

Savings Plan (the "Plan"), breached their fiduciary duties under ERISA by

---

[1] This is a class action brought pursuant to §§ 409 and 502(a)(2) of the
Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109
and 1132(a)(2).  (Dkt. [58] at ¶ 2).

maintaining the Plan's large investment in SunTrust (or the "Company") common stock ("SunTrust Stock" or "Company Stock") in the Plan from May 15, 2007 to the Present (the "Class Period") when they knew or should have known that the stock was an imprudent retirement investment. As a result, the Plan suffered hundreds of millions of dollars in losses during the Class Period. (Dkt. [58] at ¶ 6).

Plaintiffs allege that

Defendants failed to take *any* action to satisfy their [fiduciary] duty despite the clear imprudence of maintaining the Plan's heavy investment in Company Stock due to, *inter alia*: (a) the Company's substantial exposure to subprime mortgage loan losses and (b) the Company's failure to properly account for and to disclose its exposure to losses tied to the illiquidity of mortgage-backed securities and its business operations in the declining real estate market.

(Dkt. [84] at 2 (citing Complaint at ¶¶ 5-9, 115)).

In its October 25, 2010 Order ("Order") [106], the Court granted in part and denied in part Defendants' Motion to Dismiss [78].  Among other claims dismissed in the Order, the Court dismissed Plaintiffs' Investment Claim because it found that it amounted to a claim exempted from an ERISA fiduciary's duty of prudence by 29 U.S.C. § 1104(a)(2).  (Order at 17-19). The Court did not dismiss Plaintiffs' Participant Disclosure Claim or Plan

2

Committee Disclosure Claim finding that Plaintiffs had sufficiently alleged that some Defendants had a fiduciary duty to provide Plan Participants with information to allow them to accurately evaluate their investment in SunTrust Stock and that some Defendants possessed information that they had an obligation to share with the Plan Committee.  (Order at 24-27, 32-34).  The pending Motions to Certify [107 & 111] concern the Court's holding in regard to Plaintiffs' Investment Claim, Participant Disclosure Claim, and Plan Committee Disclosure Claim.

## Discussion

## I.    Standard for Certifying Order for Interlocutory Appeal

To be granted permission for an interlocutory appeal, the movant must demonstrate that there is a "controlling question of law as to which there is substantial ground for difference of opinion" and that resolution of the issue will "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Even if these requirements are satisfied, the Court of Appeals retains discretion to refuse to allow the appeal.  Section 1292 is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation.  Sussman v. Salem, Saxon and Nielsen, P.A., 826 F. Supp. 1416, 1418 (M.D. Fla. 1993); see also White v. Nix, 43 F.3d 374, 376 (8th Cir.

1994) (stating that Section 1292 interlocutory appeals should be limited to exceptional circumstances).

First, a "question of law" as used in Section 1292(b) is considered "controlling" if it "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." McFarlin v. Conseco Servs., Inc., 381 F.3d 1251, 1258. The Eleventh Circuit stated that:

> The term "question of law" does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the fact or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might called one of "pure" law, matters the court of appeals "can decide quickly and cleanly without having to study the record."

Id. (citations omitted). In determining whether permission for an interlocutory appeal should be granted, the Court may also consider whether a reversal could significantly affect the conduct of the litigation and whether the certified issue could have precedential value for a large number of cases. Kinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24-25 (2d Cir. 1990).

Second, there is a substantial difference of opinion on an issue when: (1) the issue is difficult and of first impression; (2) a difference of opinion as to the issue exists within the controlling circuit; or (3) the circuits are split on the issue. See In re Regions Morgan Keegan ERISA Litigation, No. 08-2192, 2010

4

WL 3833668, at *2 (W.D. Tenn. June 30, 2010); see also Rodriguez v. Banco Cent., 917 F.2d 664, 665 (1st Cir. 1990) (accepting certified question where circuits divided); Limuel v. Donrey Corp., 795 F. Supp. 902, 903-04 (E.D. Ark. 1992) (certifying question due to conflict between other circuits and the controlling circuit); Klapper v. Commonwealth Realty Trust, 662 F. Supp. 235, 236 (D. Del. 1987) (certifying issue of first impression); Giardiello v. Balboa Ins. Co., 661 F. Supp. 644, 646 (S.D. Fla. 1985), judgment aff'd in part, rev'd in part on other grounds, 837 F.2d 1566 (11th Cir. 1988) (certifying question due to conflict between other circuits and controlling circuit).  Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion. See In re Scientific-Atlanta, Inc. Sec. Litig., No. 1:01-CV-1950-RWS, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003).

Finally, an interlocutory appeal will materially advance the termination of the litigation if it "promises to advance the time for trial or shorten the time required for trial." In re Oxford Health Plans, Inc., 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (quotation omitted).

AO 72A
(Rev.8/82)

## II.     Defendants' Motion to Certify [107]

Defendants ask the Court to certify the following question of law:

Does ERISA impose upon fiduciaries of an Eligible Individual
Account Plan that offers the plan sponsor's publicly traded stock as
an investment option a duty to disclose material, non-public
financial information about the plan sponsor beyond the specific
disclosures mandated by ERISA and its implementing regulations?

(the "Disclosure Issue") (Dkt. [107] at 1).

In denying Defendants' Motion to Dismiss Plaintiffs' Participant

Disclosure Claim, the Court stated:

The second prong of Plaintiffs' Communication Claim is
based upon Defendants' failure "to provide participants with
material information that [D]efendants know or should know is
needed to adequately protect the participants' interests." (Dkt. [84]
at 26). Defendants argue that "ERISA imposes no roving duty on
fiduciaries to disclose everything that might be of interest to
participants. Rather, ERISA contains a carefully crafted set of
statutorily prescribed disclosures . . . ." (Dkt. [78] at 25).
Defendants' argument is not without support. . . .

        . . .

However, other decisions from this District have allowed
such claims to proceed. . . .

Plaintiffs allege that Defendants knew or should have known
that SunTrust Stock was not a suitable and appropriate investment
for the Plan as a result of the changing risk profile of SunTrust
Stock investment and the Company's deteriorating financial
position. (Dkt. [58] at ¶ 270). Despite this knowledge, Defendants
failed to provide Plan Participants with information to allow them

6

> to accurately evaluate their investment in SunTrust Stock. . . .
> Based upon the allegations in the Complaint, the Court cannot say
> that Plaintiffs have failed to state a claim for failure to disclose
> material information to Plan Participants.  (See e.g. Dkt. [58] at ¶¶
> 157, 162, 163, 185, 200, 204 (noting instances in which
> Defendants failed to disclose the true state of the Company's
> finances or level of risk associated with investment in SunTrust
> Stock)).

(Order at 24-27).

In denying Defendants' Motion to Dismiss Plaintiffs' Plan Committee

Disclosure Claim, the Court stated:

> Construing the Complaint in the light most favorable to
> Plaintiffs, Count II also alleges a disclosure claim, based upon an
> alleged breach of fiduciary duty by the Monitoring Defendants for
> their failure to disclose material negative information about the
> Company to the Plan Committee Defendants. . . .  The allegations
> set forth in Plaintiffs' Complaint are sufficient at this stage to state
> a claim that the Monitoring Defendants possessed information that
> they had an obligation to share with the Plan Committee.  (See e.g.,
> Dkt. [58] at ¶¶ 157, 162, 163, 185).
>
> Other courts have also recognized that a fiduciary has a duty
> to disclose to other fiduciaries material information that it knew,
> but others did not, if necessary to protect the plan. . . .
>
> . . .

(Order at 32-34).

If the Eleventh Circuit agrees with Defendants that ERISA does not

impose upon fiduciaries of an EIAP that offers the company's stock as an

investment option a duty to disclose to Plan Participants or other fiduciaries material information about company stock beyond the specific disclosures already mandated by ERISA, then Plaintiffs' remaining claims in this action would need to be dismissed, thus ending the proceedings in this Court.  This issue involves a "controlling question of law" the resolution of which, will "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The critical question in regard to Defendants' Motion to Certify [107] is whether "there is substantial ground for difference of opinion" as to the Disclosure Issue (Id.).

As noted above in the excerpts from the Order discussing Plaintiffs' disclosure claims, the Court is not alone in finding that such a duty of disclosure exists under ERISA.  However, other decisions -- including those from three other Judges in the Northern District of Georgia -- have not found that ERISA imposes any disclosure duties not already explicitly stated in the text of the statute or its implementing regulations.  (See Dkt. [117] at 3).  The disagreement within this District and among courts across the United States demonstrates that substantial ground for difference of opinion exists as to the extent of the duty of disclosure imposed upon an ERISA fiduciary.  Therefore, the Court **CERTIFIES** the Disclosure Issue for immediate appeal.  The Court's

8

Order [106] is **AMENDED** to state that the Disclosure Issue presents a

controlling question of law as to which there is substantial ground for difference

of opinion and that an immediate appeal from the order may materially advance

the ultimate termination of the litigation.

### III.    Plaintiffs' Motion to Certify [111]

Plaintiffs ask the Court to certify the following question of law:

> Does Section 404(a)(2) of the Employee Retirement Income
> Security Act of 1974 ("ERISA"), which exempts individual
> account plans ("EIAPs") that acquire and hold employer securities
> from ERISA's diversification requirement, exempt fiduciaries of
> EIAPs from exercising their overarching duty of prudence under
> ERISA § 404(a)(1) even when it is imprudent to acquire or hold
> employer securities in an EIAP?

("Investment Issue") (Dkt. [111-1] at 1).  Defendants argue that the Court

should not certify the Investment Issue because it fails to present a controlling

question of law and even if it did, and the Eleventh Circuit found in Plaintiffs'

favor, the decision would not materially advance the ultimate termination of this

litigation.  (Dkt. [120] at 2).

In dismissing Plaintiffs' Investment Claim, the Court stated:

> Defendants argue that Plaintiffs' Investment Claim, based upon a
> failure to diversify the Plan's investments away from SunTrust
> Stock, should be dismissed because ERISA precludes such
> diversification arguments for EIAPs, such as the Plan.  (Id. at 16).
> Plaintiffs do not dispute that EIAPs are exempt from the duty of

diversification under ERISA.  (Dkt. [84] at 7).  Rather, Plaintiffs'
contend that the "crux of [their] claim is that Defendants breached
their fiduciary duties by permitting the Plan to invest in SunTrust
stock when SunTrust stock was clearly imprudent due to the severe
mismanagement of the Company as well as artificial inflation of
the Company stock, *not* as a result of the failure to diversify."  (Id.
at 7-8 (emphasis in original)).

The relevant portion of ERISA reads: "In the case of an
[EIAP] . . . , the diversification requirement . . . and the prudence
requirement (only to the extent that it requires diversification) . . .
[are] not violated by the acquisition or holding of . . . qualifying
employer securities."  29 U.S.C. § 1104(a)(2).  This Court has
previously examined the question of whether a claim for failure to
diversify an EIAP can constitute a breach of the duty of prudence
and has concluded that such a claim does not constitute a breach of
this duty. [citations omitted]  After a careful examination of these
decisions and Plaintiffs' arguments to try and distinguish their
Investment Claim from the type of claims this Court has previously
found to be premised upon diversification, the Court holds that
Plaintiffs' Investment Claim fails to state a claim as a matter of law
and must be dismissed.

Plaintiffs assert that their Investment Claim is not based
upon diversification and therefore is not excluded by 29 U.S.C. §
1104(a)(2).  However, as noted above, Plaintiffs' Opposition to
Defendants' Motion to Dismiss states that "Defendants breached
their fiduciary duties by permitting the Plan to invest in SunTrust
stock when SunTrust Stock was clearly imprudent . . . ."  (Dkt.
[84] at 7).  While Plaintiffs maintain that their Investment Claim is
not a failure to diversify claim, it is similar to claims this Court has
previously rejected as diversification claims.  In Smith, . . . . [t]he
Court held that:

At its core, however, Count I just amounts to another
form of diversification argument. Section 1104(a)(2)
speaks to such an argument, exempting not only the

> duty to diversify but also the duty of prudence to the
> extent it requires diversification. Therefore, regardless
> of Plaintiff's phraseology, a strict application of §
> 1104(a)(2) mandates dismissal of Count I . . .
>
> Id. [footnote 8 at p. 19 of Order is omitted]  The same is true for
> Plaintiffs' Investment Claim in this case. . . .

(Order at 16-19).

Defendants contend that "Plaintiffs extrapolate a 'controlling question of

law' from th[e] straightforward holding" in the Order.  (Id. at 3).  They state:

> In short, the Court determines–based upon the specific allegations
> in the Complaint–that Plaintiffs had pleaded themselves into the
> teeth of ERISA § 404(a)(2)'s exemption for diversification claims
> against EIAP fiduciaries.  This is entirely different from deciding
> whether, as a matter of law, the exemption in § 404(a)(2) also
> exempts EIAP fiduciaries from the duty of prudence under ERISA
> § 404(a)(1).

(Id. at 4). Defendants misunderstand the Court's Order.  Underpinning the

Court's reasoning is the understanding that the plain language of Section

404(a)(2) exempts any claim against an EIAP plan fiduciary based upon the

fiduciary's investment of plan funds in company stock, because any obligation

to move plan assets out of company stock results in diversification.  In other

words, the Court, relying upon the plain language of the statute as well as other

decisions from this Court, held that the exemption in Section 404(a)(2) exempts

any claim against an EIAP plan fiduciary that alleges the fiduciary violated the

duty of prudence set forth in Section 404(a)(1) by investing in, or maintaining an investment in, company stock.  As the Court noted in the Order: "Plaintiffs' argument that it was imprudent to continue to hold or further invest in SunTrust stock in light of the facts alleged in the Complaint is persuasive."  (Order at 19 n.9).  The Court recognized that Plaintiffs' claim was that Defendants violated their fiduciaries duties by permitting the Plan to invest in SunTrust stock, and that such an investment was imprudent.[2]  However, the Court dismissed the Investment Claim because based upon the Court's interpretation of ERISA's statutory text, such a claim is a diversification claim by another name and is precluded by Section 404(a)(2).  The Order held that Section 404(a)(2) exempts EIAP fiduciaries from the duty of prudence even when it could otherwise be considered imprudent to acquire or maintain employer securities in an EIAP. The question of whether Section 404(a)(2) exempts EIAP fiduciaries from the duty of prudence even when it is imprudent to acquire or hold employer securities in such a plan is a pure question of law that the Eleventh Circuit can

---

[2] Plaintiffs' Response to Defendants Opposition to Dismiss sates that, "Defendants failed to take *any* action to satisfy their [fiduciary] duty despite the clear imprudence of maintaining the Plan's heavy investment in Company Stock . . . ." (Dkt. [84] at 2 (citing Complaint at ¶¶ 5-9, 115)).

answer without reference to the facts of this action or the specific allegations of the Complaint.

Demonstrating that the question of law is controlling is only the first step, Plaintiffs must also demonstrate that there are substantial grounds for difference of opinion as to this question.  Plaintiffs have so demonstrated.  Several courts have rejected the reasoning set forth in this Court's Order that Section 404(a)(2) exempts ERISA fiduciaries from the duty of prudence to the extent that the fiduciary's actions involve the investment of plan assets in company stock.  <u>See e.g.</u>, <u>Quan v. Computer Scis. Corp.</u>, 623 F.3d 870, 878 (9th Cir. 2010) ("[Section] 1104(a)(2) does not exempt fiduciaries [for EIAPs] from the first prong of the prudent man standard, which requires a fiduciary to act with care, skill, prudence, and diligence in any investment the fiduciary chooses . . . . there are a myriad of circumstances that could violate the prudent man standard for investment of ERISA plan assets in a company's own stock." (citations omitted)); <u>Eaves v. Penn</u>, 587 F.2d 453, 460 (10th Cir. 1978) ("we hold that [Defendant's] activities as trustee and sponsor of the employee stock ownership plan were subject to both the 'solely in the interest' and prudence tests of [§]

13

404(a)(1)(A) and (B)");[3] In re YRC Worldwide, Inc. ERISA Litig., No. 09-

2593-JWL, 2010 WL 4386903, at *3(relying on holding in Eaves that

Defendant was subject to prudence requirement with respect to plan's

investment in company stock).  While the Court determined that the language of

Section 404(a)(2) is clear, the Eleventh Circuit in interpreting the provision may

-------------------

[3] The Tenth Circuit's holding in Eaves relied heavily upon the legislative history of ERISA:

> The legislative history underlying ERISA s 408 also buttresses the conclusion that ESOP fiduciaries are governed by the "solely in the interest" and "prudence" tests . . . . Senate Report No. 93-127 . . . discusses the legislative history underlying the exemption from prohibited transactions rules found in s 408 of ERISA, . . . [and states:]
>
> > Next, there are listed transactions in which fiduciaries are expressly allowed to engage.  This listing is necessary for reasons similar to those which required inclusion of the exemption provision. . . . It was . . . necessary to specify that certain transactions, likely to be engaged in by fiduciaries of virtually all plans, will be allowed notwithstanding the proscriptions.
> >
> > It is emphasized, however, that even with respect to the transactions expressly allowed, the fiduciaries conduct must be consistent with the prudent man standard.
> >
> > . . .
> >
> > In recognition of the special purpose of profit-sharing and similar plans, the (10%) limitation does not apply to such plans if they explicitly provide for greater investment in the employer securities, nor should any diversification principle that may develop from application of the prudent man principle be deemed to restrict investment by profit-sharing plans in employer securities. . . .

587 F.2d at 459-60 (citations omitted).

14

reach a different conclusion by construing Section 404(a)(2) *in pari materia* with other sections of ERISA and also by considering ERISA's legislative history.  Additionally, given the tension between competing goals set forth in ERISA, substantial grounds for difference of opinion exist as to the proper interpretation of Section 404(a)(2).  See Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 253 (noting tension between preference for investment in employer stock and ERISA's general fiduciary duties).[4]

Finally, a reversal by the Eleventh Circuit on this question will materially advance the ultimate termination of the litigation.  As noted above, the Court has already certified the Disclosure Issue for appeal.  Defendants have also requested that the Court stay all proceedings until resolution of the appeal, arguing that "it is in the best interest of all parties to secure a final ruling on the

---

[4] The Fifth Circuit in Kirschbaum stated:
[S]hares of [the employer's] common stock are neither lottery tickets nor an investment that is intrinsically and in cases imprudent. [Plaintiff] contends that the stock became an imprudent investment when the defendants obtained adverse information . . . .  Far from being clear-cut, this claim requires a balance to be struck among competing congressional purposes. Generally, Congress's intent in ERISA is to balance the protection of employee benefits against creating a system so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place.  Moreover, in this particular context Congress has expressed a strong preference for plan investment in the employer's stock, although this preference may be in tension with ERISA's general fiduciary duties.
526 F.3d at 253 (citations and punctuation omitted).

15

potentially dispositive issues raised in Defendants' motion to dismiss before incurring the great expenses associated with discovery, class certification, motions for summary judgment, and trial."  (Dkt. [107] at 8).  The Court agrees. If the Eleventh Circuit reverses this Court on the Disclosure Issue there will be no pending issues remaining in this case, and it will be returned to this Court for entry of judgment.  At that time, Plaintiffs will likely appeal the Investment Issue, thus potentially sending this action to the Eleventh Circuit for a second time.  If the Eleventh Circuit reverses this Court on that issue, the case will be returned to this Court and discovery will commence.  Here, "an immediate interlocutory appeal will preserve the parties resources and accelerate the ultimate termination of the action." Chao v. Meixner, Nos. 1:07-cv-0595-WSD, 3:08-cv-0013-JTC, 2008 WL 2691019, at *4 (N.D. Ga. July 3, 2008).

Therefore, the Court **CERTIFIES** the Investment Issue for immediate appeal.  The Court's Order [106] is **AMENDED** to state that the Investment Issue presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

16

## Conclusion

For the aforementioned reasons, Defendants' Motion to Certify [107] is **GRANTED** and Plaintiffs' Motion to Certify [111] is **GRANTED**.  This case is **STAYED** until the Eleventh Circuit either denies leave to appeal on both the Investment Issue and Disclosure Issue or hears the appeal on one or both questions and issues a ruling.

**SO ORDERED**, this __3rd__ day of January, 2011.


_____

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)