**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE SUNTRUST BANKS, INC. ERISA LITIGATION** | ) ) ) ) ) | **CIVIL ACTION FILE NO. 1:08-CV-3384-RWS** |

**MOTION FOR CLASS CERTIFICATION AND FOR APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

Pursuant to Rules 23(a), 23(b), and 23(g) of the Federal Rules of Civil Procedure and Local Rule 23.1B, plaintiffs Dennis Erwin, William B. Fisch, Donna Smothermon, Chrys Trau, and Demetria Whisby (collectively "Movants"), through their undersigned counsel, hereby respectfully move the Court for an Order:

(a) certifying the following class pursuant to Rules 23(a) and 23(b)(1):

> All persons, other than Defendants and members of their immediate families, who were participants in or beneficiaries of the SunTrust Banks, Inc. 401(k) Savings Plan (the "Plan") at any time between May 15, 2007 and March 30, 2011, inclusive (the "Class Period") and whose accounts included investments in SunTrust common stock ("SunTrust Stock") during that time period;

(b) appointing Movants as representatives of the certified Class; and

(c) appointing Kessler Topaz Meltzer & Check, LLP, Stull, Stull &

Brody, and Squitieri & Fearon, LLP as Co-Lead Class Counsel, and appointing Holzer & Holzer, LLC as Liaison Class Counsel.

In support of their motion, Movants aver as follows:

1. This is a class action brought pursuant to §§ 409 and 502(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109 and 1132(a)(2), against the fiduciaries of the Plan for breaches of the ERISA imposed fiduciary duties of prudence and loyalty. ERISA §§ 409(a) and 502(a)(2) authorize participants such as Movants to sue in a representative capacity for losses suffered by the Plan as a result of breaches of fiduciary duty.

2. On December 15, 2014, ten plaintiffs, including Movants, filed their Amended Consolidated Class Action Complaint (the "Complaint"). Dkt. No. 176. The Court entered an Order on June 18, 2015, denying in part and granting in part Defendants' motion to dismiss the Complaint. Dkt. No. 194.

3. This action is brought on behalf of the Plan to recover losses to the Plan for which Defendants are personally liable pursuant to ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2).

4. The breaches of fiduciary duty claims asserted in this action are uniquely appropriate for class certification under FED. R. CIV. P. 23 because, as noted above, the claims are by definition brought in a representative capacity on behalf of the Plan, and if plaintiffs prevail under ERISA § 502(a), any recovery

obtained will go to the Plan to be held, allocated, and distributed in accordance with the requirements of the Plan and ERISA.

5. Movants meet all of the prerequisites of FED. R. CIV. P. 23(a) for class certification.

6. The proposed Class consists of thousands of participants in, or beneficiaries of, the Plan, making joinder of all members impracticable, and thereby satisfying the numerosity requirement of FED. R. CIV. P. 23(a).

7. This case satisfies the commonality requirement of FED. R. CIV. P. 23(a)(2) because it involves common questions of law and fact, including: (i) whether Defendants breached their fiduciary duties under ERISA by failing to act prudently and solely in the interests of the Plan and its participants; (ii) whether Defendants adequately investigated and monitored the Plan's holdings of SunTrust Stock in order to determine whether it continued to be a prudent Plan investment; (iii) whether Defendants' fiduciary breaches caused losses to the Plan and its participants, and if so, how much; and (iv) whether Defendants' actions with respect to the Plan were the same with respect to all members of the Class.

8. Movants' claims satisfy the typicality requirement of FED. R. CIV. P. 23(a)(3) because Movants' interests in seeking relief on behalf of the Plan pursuant to ERISA § 502(a) are aligned with those of the proposed Class in establishing that Defendants breached their fiduciary duties to the Plan and its participants regarding

investment in SunTrust Stock when it was imprudent to do so, and that such breaches caused losses to the Plan as a whole.

9. Movants satisfy the adequacy requirement of FED. R. CIV. P. 23(a)(4) because Movants and Interim Co-Lead Counsel will fairly and adequately protect the interests of the absent Class members, and the attorneys prosecuting this case on behalf of plaintiffs, Movants, and the proposed Class are experienced and exceptionally qualified to litigate this matter. Interim Co-Lead Counsel has the ability to finance this litigation on behalf of the Class representatives and the Class.

10. Movants' proposed Class may be properly certified as a class action under FED. R. CIV. P. 23(b)(1)(B) in order to protect the interests of absent Class members, because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of those who are not parties to said adjudications or would substantially impair or impede their ability to protect their interests.

11. Movants' proposed Class may be properly certified as a class action under FED. R. CIV. P. 23(b)(1)(A) because prosecuting multiple individual actions by Class members would create the risk of inconsistent or different adjudications with respect to the individual members of the Class.

12. Finally, as more fully described in Movants' Memorandum of Law in Support of Their Motion for Class Certification, and the accompanying Declaration

of Mark K. Gyandoh, Movants' chosen counsel, who currently serve as appointed Interim Class Co-Lead Counsel, should be appointed as Class Counsel pursuant to FED. R. CIV. P. 23(g). Interim Co-Lead Class Counsel has undertaken significant work in identifying, investigating, and prosecuting potential claims in this action, and has substantial experience in handling ERISA class actions and other complex litigation. Moreover, Interim Co-Lead Class Counsel has committed sufficient resources to adequately represent the proposed Class, and fully understand all matters pertinent to prosecuting this action. Additionally Interim Liaison Class Counsel is an experienced law firm that has adequately served, and will continue to adequately serve the Class. Indeed, the adequacy of these firms was previously noted in the Court's October 5, 2009 Order appointing Interim Co-Lead and Liaison Counsel. Dkt. No. 53.

WHEREFORE, for the foregoing reasons, Movants respectfully request that this Court grant Movants' Motion for Class Certification pursuant to FED. R. CIV. P. 23(a), and FED. R. CIV. P. 23(b)(1).

Dated: December 30, 2015

Respectfully submitted by:

**KESSLER TOPAZ MELTZER & CHECK, LLP**

/s/ *Mark K. Gyandoh*
Edward W. Ciolko
Donna Siegel Moffa
Mark K. Gyandoh
Julie Siebert-Johnson
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
(610) 667-7056 (fax)
eciolko@ktmc.com
dmoffa@ktmc.com
mgyandoh@ktmc.com
jsjohnson@ktmc.com

**STULL, STULL & BRODY**
Edwin J. Mills
Michael J. Klein
6 East 45th Street
New York, New York 10017
(212) 687-7230
(212) 490-2022 (fax)
emills@ssbny.com
mklein@ssbny.com

**SQUITIERI & FEARON, LLP**
Stephen J. Fearon, Jr.
32 East 57th Street, 12th Floor
New York, New York 10022
(212) 421-6492
(212) 421-6553 (fax)
stephen@sfclasslaw.com

***Interim Co-Lead Class Counsel***

**HOLZER & HOLZER, LLC**
Corey D. Holzer, GA Bar No. 364698
Marshall P. Dees, GA Bar No. 105776
200 Ashford Center North, Suite 300
Atlanta, Georgia 30338
(770) 392-0090
(770) 392-0029 (fax)
cholzer@holzerlaw.com
mdees@holzerlaw.com

***Interim Liaison Class Counsel***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2015, I electronically filed the foregoing with the clerk of Court using the CM/ECF system, which will send a notification to all counsel of record in this Action.

*/s/ Mark K. Gyandoh*__________________
Mark K. Gyandoh (*admitted Pro Hac Vice*)