

BOARD OF GOVERNORS
OF THE
FEDERAL RESERVE SYSTEM
WASHINGTON, D. C. 20551

ADDRESS OFFICIAL CORRESPONDENCE
TO THE BOARD

November 3, 2017

The Hon. Richard W. Story
United States District Judge
2121 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303-3309

Re: In re SunTrust Banks, Inc. ERISA Litigation
C.A. No. 1:08-CV-3384-RWS

Dear Judge Story:

On behalf of the Board of Governors of the Federal Reserve System (the "Board"), I write in response to the Order issued in this case on October 4, 2017, regarding Plaintiffs' Motion to Compel the production of documents, Docket Entry 272 (the "Order"). The Order granted Plaintiffs' motion, but directed Defendants to withhold documents or portions of documents that constitute supervisory correspondence between Defendants and federal banking regulators (including the Board), that were prepared in direct response to the supervisory process, or that relate directly to the supervisory process. The Court thus protected the privilege for bank supervisory material recognized in case law, including, for example, *In re Subpoena*, 967 F.2d 630 (D.C. Cir. 1992).

The Order also required the Defendants to provide the Court and the Plaintiffs with a list of any documents withheld pursuant to the Order, and allows the Plaintiff to respond to the list "if they believe that Defendants' production has not complied with" the Order. At that point, the Court would consider *in camera* review of the withheld documents.

Finally, the Order required the Defendants notify the federal banking agencies so that they may seek to be heard on the issue. Defendants duly notified the Board of the Order by letter of October 18, 2017.

At this point, because the Court has issued an Order protecting bank supervisory material from disclosure, the Board does not believe that intervention is necessary. However, we would reserve the right to intervene should the Plaintiffs seek disclosure of material that the Defendants withhold on the ground of the Board's privilege. Our involvement in the case at that time might aid the Court in determining the appropriate scope of the privilege. In addition, at that time the Board could determine whether to waive the privilege, if the factors guiding its discretion set out in regulation call for such a waiver. *See* 12 C.F.R. § 261.22. We respectfully request that the parties send copies of the Defendants' listing of withheld documents, and any response from the Plaintiffs, when those documents are filed with the Court.

Sincerely,

Katherine H. Wheatley
Associate General Counsel

Cc (by email):
    David Tetrick, Jr.
    King & Spalding
    1180 Peachtree Street N.E.
    Atlanta, GA 30309-3521
    dtetrick@kslaw.com

    Edwin O. Mills
    Stull Stull & Brody
    6 East 45th Street
    New York, NY 10017
    emills@ssbny.com

    Mark K. Gyandoh
    Kessler Topaz Meltzer & Check, LLP-PA
    280 King of Prussia Road
    Radnor, PA 19087
    mgyandoh@ktmc.com

**Board of Governors of the
Federal Reserve System
Washington, D.C. 20551-0001**

OFFICIAL BUSINESS



The Hon. Richard W. Story
United States District Judge
2121 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303-3309

