UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re SunTrust Banks, Inc.<br>ERISA Litigation | CIVIL ACTION FILE<br>No. 1:08-cv-03384-RWS |

## ORDER AND FINAL JUDGMENT

This Action having come before the Court on *June 28*, 2018, for a hearing (the "Fairness Hearing") on Named Plaintiffs' motion for an order granting final approval of the proposed Settlement (the "Settlement") of this litigation (the "Action"), as previously certified as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1); the proposed Plan of Allocation in accordance with the Stipulation of Settlement dated March 9, 2018 (the "Settlement Agreement"); and Named Plaintiffs' motion for an award of attorneys' fees and for reimbursement of expenses and for Case Contribution Awards for Named Plaintiffs; and the Court having read and considered these motions, heard the arguments of counsel, granted preliminary approval of the Settlement by Order dated *March 12*, 2018 (ECF No. *266*) (the "Preliminary Approval Order"), and considered all objections raised; and all Parties having consented to the entry of this Order;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement.

1

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Settlement Class.

3. The Court determines that Named Plaintiffs are asserting claims on behalf of the SunTrust Banks, Inc. 401(k) Savings Plan (the "Plan") pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(3), 29 U.S.C. §§ 1109, 1132(a)(2) and 1132(a)(3), to recover losses alleged to have occurred as a result of Defendants' breaches of fiduciary duty and to seek other equitable relief.

4. The Court determines that the Settlement, which includes the payment of Four Million Seven Hundred Fifty Thousand U.S. Dollars ($4,750,000.00) on behalf of Defendants, has been negotiated vigorously and at arm's length by and between Class Counsel and Defendants' counsel under the supervision of Robert A. Meyer, Esq., an experienced mediator in ERISA and other complex class actions. The Court finds that, at all times, Named Plaintiffs have acted independently and that Named Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class in connection with the Action and the Settlement Agreement. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than those of Named Plaintiffs and the Settlement Class and

that the Plan does not have any additional claims above and beyond those asserted by Named Plaintiffs that are released as a result of the Settlement. The Court also finds that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, the Plan's participants, and all beneficiaries. Accordingly, the Court determines that the negotiation and consummation of the Settlement by Named Plaintiffs on behalf of the Plan and the Settlement Class does not constitute a "prohibited transaction" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, in light of the analysis and report prepared by the Independent Fiduciary, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a), such transactions satisfy the provisions of the Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632 (2003).

6.  The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as constituting a fair, reasonable, and adequate settlement and compromise of this Action in accordance with all applicable laws, including Federal Rule of Civil Procedure 23, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.

7.  The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the

Settlement Agreement, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of the Fairness Hearing and of the other matters set forth therein, including the terms of the Settlement Agreement and the Settlement, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

8. The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class already having been certified as:

> All persons, other than Defendants and members of their immediate families, who were participants in or beneficiaries of the SunTrust Banks, Inc. 401(k) Savings Plan (the "Plan") at any time between May 15, 2007 and March 30, 2011, inclusive (the "Class Period") and whose accounts included investments in SunTrust common stock ("SunTrust Stock") during that time period and who sustained a loss to their account as a result of the investment in SunTrust Stock (the "Class").

Pursuant to Federal Rule of Civil Procedure 23(g), the Court also appointed Named Plaintiffs as the representatives of the Settlement Class and appointed the law firms of Kessler Topaz Meltzer & Check, LLP, Stull, Stull & Brody and Squitieri & Fearon, LLP as Class Counsel and the law firm of Holzer & Holzer, LLC as Liaison Class Counsel.

9. Based on the Settlement, the Court hereby dismisses the operative Complaint and the Action against Defendants with prejudice on the merits.

10. As of the date of Final Settlement Approval, the Court has approved the following releases set forth in Paragraph 6, Sections 6.1 through 6.3 (collectively the "Released Claims") of the Settlement Agreement:

a. Upon Final Settlement Approval, Named Plaintiffs, the Settlement Class, the Plan (subject to the Independent Fiduciary's review and approval), and each member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, advisors, attorneys investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns shall release any and all claims of any nature whatsoever (including, but not limited to, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief) against Defendants and their respective current or former officers, directors, employees, insurers and their re-insurers, administrators, representatives, attorneys, affiliates, parent corporations, subsidiaries, predecessors, successors, committees, trustees, managers, fiduciaries, conservators, estates, legatees, assigns or agents, including without limitation, SunTrust, current or former members of SunTrust's board of directors; current

or former members of the SunTrust Banks, Inc. Benefits Plan Committee; and any current or former named or *de facto* fiduciaries of the Plan (collectively the "Released Parties"), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown in law or equity brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, arising out of the same or substantially similar acts, omissions, facts, matters, transactions or occurrences during the Class Period, that are, were or could have been alleged, asserted, or set forth in the Complaint or the Action, or were or could have been alleged, asserted, or set forth in the Complaint or the Action under ERISA based on or relating to: (a) the offering of SunTrust Stock in the Plan; (b) the acquisition and holding of SunTrust Stock by the Plan or the Plan's participants; (c) the information provided to the Plan Participants by Plan fiduciaries related to investing in SunTrust Stock through the Plan (d) the appointing or monitoring of the Plan's fiduciaries related to SunTrust Stock; or (e) the loyalty of the Plan's fiduciaries regarding SunTrust or SunTrust Stock (collectively the "Released Claims"). The release set forth in this paragraph shall not include any claims relating to the covenants or obligations set forth in this Settlement Agreement. Further, the Released Claims do not include any claims alleged in the pending action of *In Re SunTrust Banks, Inc. 401(k) Plan Affiliated Funds ERISA Litig.*, 1:11-cv-784 (N.D. Ga.).

b. Upon Final Settlement Approval, Named Plaintiffs, the Settlement Class, the Plan, and each member of the Settlement Class expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by (a) § 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with debtor," and (b) any similar state, federal, or other law, rule or regulation or principle of common law of any domestic or foreign governmental entity. Named Plaintiffs, members of the Settlement Class, and the Plan may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims with respect to any Released Parties, but Named Plaintiffs, the Settlement Class, and the Plan hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims, without regard to the subsequent discovery or existence of such other or different facts.

c. Upon Final Settlement Approval, Defendants absolutely and unconditionally release and forever discharge Named Plaintiffs, the Settlement Class and Plaintiffs' Counsel (collectively, the "Plaintiff Released Parties")

7

from any and all claims relating to the institution or prosecution of the Action or the settlement of any Released Claims, except that this release shall not include any claims relating to the covenants or obligations set forth in this Settlement Agreement. The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or that could have been asserted by Named Plaintiffs, the Settlement Class, and the Plan with respect to the Released Claims, and agree that, except as expressly set forth herein, each Party shall bear his, her or its own costs and expenses, including attorneys' fees.

    d.    Notwithstanding any other provision of the Settlement Agreement, Named Plaintiffs and members of the Settlement Class shall not be deemed to have waived or released any claim by any individual Plan participant concerning his or her right to vested benefits under the Plan or to contest the correct amount of such benefit, except to the extent that such claim may relate to the Released Claims.

    11.    As of the date of Final Settlement Approval, Defendants, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have absolutely and unconditionally released and forever discharged Named Plaintiffs, the Settlement Class and Plaintiffs' Counsel (collectively, the "Plaintiff Released Parties") from any and all claims,

demands, rights, liabilities, and causes of action of every nature or description relating to the institution or prosecution of the Action or the settlement of any Released Claims, except that this release shall not include any claims relating to the covenants or obligations set forth in this Settlement Agreement.

12. As of the date of Final Settlement Approval, all release provisions within the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Named Plaintiffs assume for themselves and on behalf of the Settlement Class, and Defendants assume for themselves, the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any of the Parties' entry into the Settlement Agreement.

13. As of the date of Final Settlement Approval, Named Plaintiffs, the Settlement Class, the Plan, and members of the Settlement Class, and their respective heirs, executors, administrators, successors and assigns are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any claims related to the Action and from asserting, maintaining, or enforcing any actions in any court or other tribunal alleging any and all Released Claims against any and all Released Parties.

14. Class Counsel are hereby awarded attorneys' fees in the amount of $ _1,583,333.33_ (the "Attorneys' Fees"). The Attorneys' Fees have been determined by the Court to be fair, reasonable and appropriate. No other fees may be awarded to Class Counsel in connection with the Settlement Agreement. The Attorneys' Fees shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

15. Class Counsel are hereby awarded reimbursement of expenses in the sum of $ _462,810.18_ (the "Attorneys' Expenses"). The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to counsel in connection with the Settlement Agreement.

16. Each Named Plaintiff is hereby awarded a Case Contribution Award in the amount of $ _10,000.00_. The Case Contribution Awards have been determined by the Court to be fair, reasonable and appropriate. In addition to his/her Case Contribution Award, each Named Plaintiff is also eligible for a share of the payment from the Settlement Fund as a member of the Settlement Class. Other than these payments, no other award shall be awarded to Named Plaintiffs in connection with the Settlement Agreement. The Case Contribution Awards shall be paid to Named Plaintiffs in accordance with the terms of the Settlement Agreement.

17. The Court determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715.

18. The Plan of Allocation for the distribution of the Net Settlement Fund, as submitted by the Parties, is approved as fair, reasonable and adequate.

19. The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Settlement Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

20. Without affecting the finality of this Order and Final Judgment, the Court shall retain continuing jurisdiction over: (a) the implementation, administration, and consummation of the Settlement Agreement; (b) the Action until the Final Approval Date occurs and each and every act agreed to be performed by the Parties to the Settlement Agreement shall have been performed in accordance with the Settlement Agreement; and (c) all Parties to the Action and the Settlement Agreement for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Settlement Agreement.

SO ORDERED this 28th day of June, 2018

**RICHARD W. STORY**
**United States District Judge**